Allen T. Reed, SID No. 10546594
_____
Full Name/Prisoner Number

Oregon State Penitentiary
_____
Complete Prison Address (Place of Confinement)

2605 State Street NE,
_____

Salem, Oregon 97301
_____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

2:21-cv-01499-HZ

Civil Action No. 2013134 ͹ ͹
*(To be supplied by the Court)*

Allen T. Reed, SID No. 10546594
_____, Applicant,
*(Full Name and Prisoner Number)*

v.

Brandon Kelly, Supt., OSP
_____. Respondent,
*(Name of Warden, Superintendent, jailor*
*or authorized person having custody of*
*applicant) (Do not use et al.)*

and

The Attorney General of the State of

*ELLEN ROSENblum*, Additional Respondent.

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY

Note: If the applicant is attacking a judgment which imposed a sentence to be served in the future, applicant must fill in the name of the state where the judgment of conviction was entered. If the applicant has a sentence to be served in the future under a federal judgment, which he/she wishes to attack, he/she should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

## CONVICTION UNDER ATTACK

1)    Name and location of the court which entered the judgment of conviction under attack  Lane County Circuit Court, 125 East 8th Avenue, Eugene, OR  97401.

2)    Date judgment of conviction was entered  November 26, 2013

3)    Case number  201313457 and 201314881

4)    Type and length of sentence imposed  362 months prison

5)    Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion? Yes ____    No  X

6)    Nature of the offense involved (all counts)  201313457 - Ct. 1 - Kidnapping 2, Ct. 2 - Rape 1, Ct. 3 - Sex Abuse 1, Ct. 4 - Sodomy 1, Ct. 5 - Sex Abuse 2, Count 6 - Coercion.  201314881 - Ct. 1 - Theft 1, Ct. 2 - Felon in Possession of Firearm.

7)    What was your plea? (check one)

     Not Guilty  X    Guilty ____    Nolo Contendere ____

If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

8)    If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement

9)    Kind of trial (check one)    Jury  X  Judge only ____

10)    Did you testify at trial? Yes  X  No ____

2

DIRECT APPEAL

11)    Did you appeal from the judgment of conviction? Yes _x_  No ___

12)    If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of the court's opinion or order): Oregon Court of Appeals, Salem, Oregon. State v. Reed, 274 Or. App. 507, 364 P.3d 47 (2015). Oregon Supreme Court, Salem, Oregon. State v. Reed, 358 Or. 611, 369 P.3d 386 (2016)

Appellate Judgment Effective March 28, 2016.

_____

13)    If you did not appeal, explain briefly why you did not:

_____

_____

a)    Did you seek permission to file a late appeal? Yes ___ No _x_

## POST-CONVICTION PROCEEDINGS

**14)**    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?        Yes _x_ No ___

15)    If your answer to 14 was "Yes," give the following information:

a)    FIRST petition, application or motion.

1.    Name of court  Marion County Circuit Court, Case No. 17CV13538

2.    Nature of proceeding  Petition for Post-Conviction Relief.

3.    Claims raised  See Attachment 1

4.    Did you receive an evidentiary hearing on your petition, application or motion? Yes _x_ No ___

5.    Result  Denied

6.    Date of result  February 21, 2019.

7.      Did you appeal the result to the highest state court having jurisdiction?
Yes _x_ No ___    If you did appeal, give the name of the court where the
appeal was filed, the result, the case number, citation and date of the court's
decision (or attach a copy of the court's opinion or order)
Oregon Court of Appeals: _____

Oregon Supreme Court: _____

8.      If you did not appeal, briefly explain why you did not

_____

_____


b) As to any SECOND petition, application or motion, give the following
information:

1.      Name of court _____

2.      Nature of proceeding _____

_____

3.      Claims raised _____

_____

4.      Did you receive an evidentiary hearing on your petition, application or
motion? Yes ___ No ___

5.      Result _____

6.      Date of result _____

7.      Did you appeal the result to the highest state court having jurisdiction?
Yes ___ No ___    If you did appeal, give the name of the court where the
appeal was filed, the result, the case number, citation and date of the court's
decision (or attach a copy of the court's opinion or order) _____

_____

_____

8.      If you did not appeal, briefly explain why you did not _____

_____

c) As to any THIRD petition, application or motion, give the following information:

1.      Name of court _____

2.      Nature of proceeding _____

_____

3.      Claims raised _____

_____

4.      Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

5.      Result _____

6.      Date of result _____

7.      Did you appeal the result to the highest state court having jurisdiction? Yes ___ No ___   If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _____

_____

8.      If you did not appeal, briefly explain why you did not _____

## CLAIMS

16) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed m federal court, you ordinarily must exhaust the remedies available to you m the state courts as to each claim on which you request action by the federal court.

**Claim One:**  Violation of right to a fair trial by an impartial jury - Fifth, Sixth and Fourteenth
Amendments - U.S. Constitution.
Ineffective Assistance of Trial Counsel – Sixth Amendment, US Constitution:
Failure to Object to Joinder of Case Nos. 201313457 and 201314881

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the
facts in of this claim)  Trial counsel failed to object to improper consolidation of separately
indicted charges for trial. Trial counsel then failed to seek severance of those charges by motion.
As a result, the state introduced prejudicial evidence which, but for, counsel's failures, the jury
would not have considered during separate trials.  In addition, as a result of counsel's failures,
petitioner took the stand and provided extremely damaging testimony when he would not
otherwise have done so, and suffered severe prejudice from impeachment with prior felony
convictions which but for his testimony and counsel's failure to object to consolidation and/or
seek severance, the jury would not have received.

(2) Statement of exhaustion of state remedies as to claim one:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___ No _x_

(b) If you did not raise this issue in your direct appeal, explain briefly
why you did not Constitutional violations unpreserved and claims of ineffective assistance
of trial counsel cannot be raised on direct appeal in Oregon. State v. McKarge, 78 Or App
667,668, 717 P2d 656 (1986) (per curiam).

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition
for habeas corpus in a state trial court? Yes _x_ No___

(d) If your answer to (c) is "Yes," state the type of motion or petition, the
name and location of the court where the motion or petition was filed, the case
number (if known), the result and the date of the court's decision
Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538
Claim denied February 21, 2019.

(e) Did you receive an evidentiary hearing on your motion or petition? Yes _x_
No ___

(f) Did you appeal from the denial of your motion or petition?
Yes _X_ No ___

(g) If your answer to (f) is "Yes," state whether this issue was raised in the
appeal, Yes _X_ No ___. and state the name and location of the court where the
appeal was filed, the case number and the date of the court's decision (or
attach a copy of the court's opinion or order)

Oregon Court of Appeals: _____

Oregon Supreme Court: _____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

_____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme
court, administrative remedies, etc.) you have used to exhaust your state
remedies as to the issue

_____

_____

_____

**Claim Two:** Violation of right to a fair trial by an impartial jury - Fifth, Sixth and Fourteenth
Amendments - U.S. Constitution.

Ineffective Assistance of Trial Counsel – Sixth Amendment U.S. Constitution

Failure to Exercise Peremptory Challenges
(1) Supporting Facts: (Without citing legal authorities or argument state briefly the
facts in of this claim) Trial counsel failed to exercise an available peremptory challenge to
excuse Juror D.V. who was admittedly unable to decide petitioner's charges in a fair and impartial
manner because his daughter was a rape victim, his son was the victim of violent assault, he had
family or close personal friends in law enforcement and expressed during voir dire that just the
mention of petitioner's charges caused him to experience physical distress.  Although trial counsel
had additional peremptory challenges available and knew or should have known of the need
to excuse Juror D.V., he failed to do so.  Juror D.V. remained on petitioner's jury and became its
foreperson.

(2) Statement of exhaustion of state remedies as to claim two:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No _x_

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not ___Constitutional violations unpreserved and claims of ineffective assistance of trial counsel cannot be raised on direct appeal in Oregon. State v. McKarge, 78 Or App 667, 668, 717 P2d 656 (1986) (per curiam).___

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes _x_ No ___

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538 Claim denied February 21, 2019.

(e) Did you receive an evidentiary hearing on your motion or petition? Yes _x_ No ___

(f) Did you appeal from the denial of your motion or petition? Yes _x_ No ___

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes _x_ No ___, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order) Oregon Court of Appeals:

Oregon Supreme Court:

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

<u>Other Remedies</u>

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

_____

_____

_____

**Claim Three:** <u>Violation of right to a fair trial by an impartial jury - Fifth, Sixth and Fourteenth Amendments, U.S. Constitution</u>
<u>Ineffective Assistance of Trial Counsel – Sixth Amendment, U.S. Constitution: Failure to Advise</u>
<u>Petitioner on statutory stipulation to avoid impeachment with prior felony convictions</u>
(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in of this claim) Trial counsel failed to inform petitioner he could enter a statutory stipulation to avoid introduction of evidence that he was a convicted felon. Believing that regardless of whether he testified, the jury would receive evidence of his prior felony conviction to prove the felon in possession of a firearm charge which was before the jury because of counsel's failure to object to consolidation and/or seek severance, petitioner took the stand and testified to his severe detriment both by damaging testimony and by impeachment with multiple prior felony convictions and inadequate instruction to insulate him from that harm. Trial counsel further failed to prepare petitioner to testify which resulted in petitioner providing extremely damaging testimony.

(2) Statement of exhaustion of state remedies as to claim three:

<u>Direct Appeal</u>

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ____ No _X_

(b) If you did not raise this issue m your direct appeal, explain briefly why you did not <u>Constitutional violations unpreserved and claims of ineffective assistance of</u> <u>trial counsel cannot be raised on direct appeal in Oregon. State v. McKarge, 78 Or. App. 667,</u> <u>668, 717 P.2d 656 (1986) (per curiam)</u>

<u>Post-Conviction Proceedings</u>

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes _X_ No ___

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision
Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538.
Claim denied February 21, 2019.

(e) Did you receive an evidentiary hearing on your motion or petition?
Yes _x_ No ___

(f) Did you appeal from the denial of your motion or petition?
Yes _x_ No ___

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes _x_ No ___. and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)

  Oregon Court of Appeals:

  Oregon Supreme Court:

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

17)   Have all claims for relief raised in this petition been presented to the highest state court having jurisdiction? Yes _x_ No ___

18) If you answered "No" to question 17, state which claims have not been so presented and briefly give your reasons(s) for not presenting them _____

_____

_____

19) If any of the claims listed in this application were not previously presented in any other court, state or federal, state briefly what claims were not so presented, and give your reasons for not presenting them _____

_____

_____

20) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction under attack? Yes ___ No _X_

If "Yes," answer the following and attach a copy of the court's decision for each petition, application, or motion filed:

      a)     Name and location of court _____

      b)     Type of proceeding _____

      c)     The issues raised _____

      d)     The result _____

### SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, *as amended by* Tide I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 1 10 Stat. 1214 (Apr. 24, 1996).

21) If you are raising a claim which you have not presented in a prior application, have you obtained an order from the United States Court of Appeals for the Tenth Circuit authorizing this district court to consider the application? Yes ___ No ___ Please attach a copy of the order.

22) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ___ No _x_ If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding

_____

_____

## LEGAL REPRESENTATION

23) Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Mr. Robert Kaiser, OSB No. 083766, Public Defender Services of Lane County,1143 Oak Street, Eugene, Oregon, 97401.

(b) At arraignment and plea  Same as above.

(c) At trial  Same as above.

(d) At sentencing  Same as above.

(e) On appeal  Ms. Morgen E. Daniels, OSB No. 075739, Office of Public Defense Services 1175 Court Street NE, Salem OR  97301.

(f) In any post-conviction proceeding  Mr. Noel Grefenson, Attorney at Law, 1415 Liberty Street SE Salem, Oregon 97302.

(g) On appeal from any adverse ruling in a post-conviction proceeding  Lindsey Burrows Attorney at Law, O'Connor Weber LLC

## OTHER CONVICTIONS

24) Were you sentenced on more than one count of an indictment or on more than one indictment, in the same court and at the same time? Yes _x_ No ___

25) Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ___ No _x_

    (a) If so, give name and location of court which imposed sentence to be served in the future _____

_____

    (b) and give date and length of service to be served in the future _____

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ___ No ___

Wherefore, applicant prays that the court grant him such relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____
Applicant's Original Signature

_____

_____

_____
Attorney's Full Address and
Telephone Number

## DECLARATION UNDER PENALTY OF PERJURY

    The undersigned declares under penalty of perjury that he/she is the applicant in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U. S. C. § 1746; 18 U. S. C. § 162 1.

Executed at __SRCI__ on __9-24-21__
       (Location)      (Date)

_____
Applicant's Original Signature

13

(Petitioner's Habeas Claims Continued)               .

**Claim Four**:

Violation of right to a fair trial by an impartial jury - Fifth, Sixth and Fourteenth Amendments, U.S. Constitution.

Ineffective Assistance of Trial Counsel – Sixth Amendment, U.S. Constitution: Failure to Move for Judgment of Acquittal on Count 3 in Case No. 201313457.

(1) Supporting Facts: After the state rested its case in chief, trial counsel failed to move for a judgment of acquittal on the charge of first-degree sexual abuse as alleged in Count 3 of petitioner's indictment in Case No. 201313457 because, when considered in a light most favorable to the state, there was insufficient evidence from which the trier of fact could find that petitioner's alleged offense conduct constituted sexual contact as defined in ORS 163.305(6).

(2) Statement of exhaustion of state remedies as to claim four:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___ No_x_

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not:
Constitutional violations unpreserved by objection and Sixth Amendment claims of ineffective assistance of trial counsel cannot be raised on direct appeal in Oregon. *State v. McKarge*, 78 Or App 667, 668, 717 P2d 656 (1986) (per curiam).

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes    x    No

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision: Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538 Claim denied February 21, 2019.

(e) Did you receive an evidentiary hearing on your motion or petition? Yes_x_No__

(f) Did you appeal from denial of your motion or petition?
Yes_x_No _____

(Petitioner's Habeas Claims Continued)

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes_x_ No _____and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)

Oregon Court of Appeals:_____

_____

Oregon Supreme Court:_____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain._____

_____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue. N/A.

**Claim Five**:

Violation of Right to a Fair Trial by and Impartial Jury - Fifth, Sixth and Fourteenth Amendments, U.S. Constitution.

Violation of Right to Testify – Fifth Amendment, U.S. Constitution.

Ineffective Assistance of Trial Counsel – Sixth Amendment, U.S. Constitution: Failure to Property Prepare Petitioner to Testify.

(1) Supporting Facts: Before trial, trial counsel failed to adequate prepare petitioner to take the stand and testify in his own defense.  Counsel failed to elicit from petitioner the testimony he intended to provide to the jury when he testified, identify portions of petitioner's proposed testimony that could seriously undermine his defense by unnecessarily damaging his character and credibility and thereby increase the probability of his conviction on all counts.  As a result, petitioner testified that he was on parole at the time of the alleged offense conduct, was blatantly violating the conditions of his parole by using controlled substances and did not take his parole obligations seriously.  Petitioner further described his physical and sexual interactions with the alleged victim in terms which a jury could deem aggressive and vulgar and thereby improperly infer that petitioner was possessed of a malignant character that one would expect from a person capable of committing his charged offenses and thereby convict him based on that improper inference.

(2) Statement of exhaustion of state remedies as to claim four:

15

(Petitioner's Habeas Claims Continued)

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___ No_x_

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not:
Constitutional violations unpreserved by objection and Sixth Amendment claims of
ineffective assistance of trial counsel cannot be raised on direct appeal in Oregon. *State
v. McKarge*, 78 Or App 667, 668, 717 P2d 656 (1986) (per curiam).

Post-Conviction Proceedings

(c)  Did you raise this issue by means of a post-conviction motion or petition
for habeas corpus in a state trial court? Yes ___x___  No _____

(d)  If your answer to (c) is "Yes," state the type of motion or petition, the name and
location of the court where the motion or petition was filed, the case number (if
known), the result and the date of the court's decision: Petition for Post-Conviction
Relief, Marion County Circuit Court Case No. 17CV13538 Claim denied February 21,
2019.

(e) Did you receive an evidentiary hearing on your motion or petition? Yes_x_No__

(f)  Did you appeal from denial of your motion or petition?
Yes_x_No ____

 (g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes_x_
No ____and state the name and location of the court where the appeal was filed, the
case number and the date of the court's decision (or attach a copy of the court's opinion
or order)
Oregon Court of Appeals: _____

Oregon Supreme Court: _____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain._____

_____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court,
administrative remedies, etc.) you have used to exhaust your state remedies as to the
issue. N/A.

16

(Petitioner's Habeas Claims Continued)

**Claim Six**:

Violation of Right to a Fair Trial by and Impartial Jury - Fifth, Sixth and Fourteenth Amendments, U.S. Constitution.

Ineffective Assistance of Trial Counsel – Sixth Amendment, U.S. Constitution: Failure to Move for a Mistrial.

(1) Supporting Facts: During summation, trial counsel failed to object, move to strike and move for a mistrial when the prosecutor repeatedly made impermissible and inflammatory arguments to the jury concerning petitioner's demeanor at trial both on and off the stand, by purposefully misstating his criminal history of domestic violence, by improperly vouching for and bolstering the credibility of the alleged victim's accusations, by degrading petitioner's exercise of his right to a jury trial, by shifting the burden of proof from the state to the defense and by degrading petitioner's defense as a sham and suggesting his defense counsel was tasked with distorting the facts and truth.

(2) Statement of exhaustion of state remedies as to claim four:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ____ No _x_

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not: Constitutional violations unpreserved and Sixth Amendment claims of ineffective assistance of trial counsel cannot be raised on direct appeal in Oregon. *State v. McKarge*, 78 Or App 667, 668, 717 P2d 656 (1986) (per curiam).

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___x___ No _____

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision: Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538 Claim denied February 21, 2019.

(e) Did you receive an evidentiary hearing on your motion or petition? Yes_x_No__

(f) Did you appeal from denial of your motion or petition?
Yes_x_No ____

17

(Petitioner's Habeas Claims Continued)

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes_x_ No _____ and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)

Oregon Court of Appeals: _____

_____

Oregon Supreme Court: _____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain._____

_____

_____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue. N/A.

**Claim Seven:**

Violation of Right to a Fair Trial by and Impartial Jury - Fifth, Sixth and Fourteenth Amendments, U.S. Constitution.

Ineffective Assistance of Trial Counsel – Sixth Amendment, U.S. Constitution: Failure to Request Forcible Compulsion Instruction.

(1) Supporting Facts: At the time of petitioner's trial, Oregon precedent required the state to prove beyond a reasonable doubt that petitioner had knowingly and forcibly compelled the alleged victim to submit to the sexual acts alleged in Counts 2, 3 and 4 of Case No. 201313457, and required the court to so instruct his jury.  Trial counsel failed to request that the court instruct the jury on the mens rea element of forcible compulsion and failed to take exception to the court's failure to so instruct the jury. At trial, the jury received evidence that any sexual acts which occurred between petitioner and the alleged victim were consensual.

(2) Statement of exhaustion of state remedies as to claim four:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___ No_x_

(Petitioner's Habeas Claims Continued)

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not: Constitutional violations unpreserved and Sixth Amendment claims of ineffective assistance of trial counsel cannot be raised on direct appeal in Oregon. *State v. McKarge*, 78 Or App 667, 668, 717 P2d 656 (1986) (per curiam).

Post-Conviction Proceedings

(c)  Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___x___   No _____

(d)  If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision:  Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538 Claim denied February 21, 2019.

(e) Did you receive an evidentiary hearing on your motion or petition? Yes_x_No__

(f)  Did you appeal from denial of your motion or petition?
Yes_x_No _____

 (g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes_x_ No _____and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)
Oregon Court of Appeals: _____

Oregon Supreme Court: _____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain._____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue. N/A.

(Petitioner's Habeas Claims Continued)

**Claim Eight**:

Due Process violation of right to a fair trial by an impartial jury - Fifth, Sixth and Fourteenth Amendments, U.S. Constitution.

Ineffective Assistance of Trial Counsel – Sixth Amendment, U.S. Constitution: Cumulative Error

(1) <u>Supporting Facts</u>: Petitioner incorporates Claims 1-7 above and alleges that when considered together, the number and seriousness of the multiple critical errors made by his trial counsel effectively denied him the right to a fair trial by an impartial jury, the right to confront the state's case, the right to present a defense and the right to effective and adequate representation by competent counsel.

(2) Statement of exhaustion of state remedies as to claim four:

<u>Direct Appeal</u>

(a) If you appealed from the judgment of conviction, did you raise this issue?
Yes ___ No_x_

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not: <u>Constitutional violations unpreserved and Sixth Amendment claims of ineffective assistance of trial counsel cannot be raised on direct appeal in Oregon. State v. McKarge, 78 Or App 667, 668, 717 P2d 656 (1986) (per curiam).</u>

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___x___ No _____

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision: <u>Petition for Post-Conviction Relief, Marion County Circuit Court Case No. 17CV13538 Claim denied February 21, 2019.</u>

(e) Did you receive an evidentiary hearing on your motion or petition? Yes_x_No__

(f) Did you appeal from denial of your motion or petition?
Yes_x_No ____

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes_x_ No ____and state the name and location of the court where the appeal was filed, the

(Petitioner's Habeas Claims Continued)

case number and the date of the court's decision (or attach a copy of the court's opinion or order)

Oregon Court of Appeals: _____

_____

Oregon Supreme Court: _____

_____

(h) If your answer to question (e), (f) or (g) is ''No,'' briefly explain._____

_____

_____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue. N/A.